For a period of some years the city of Durham had leased the "Durham Auditorium," a building erected by the city "wherein were held public and community meetings and assemblies, school commencement exercises, political rallies and, incidentally, operas and theatrical performances for the entertainment of the general public of the city of Durham." These were presented approximately twice a week, leaving the building five days a week for the use of the public in other ways.
Some time in 1930, the governing body of the city altered the building so as to make it suitable for motion picture shows and theatrical performances and leased the building to Publix-Saenger Company, releasing the entire control of the building into the hands of said company, which has used the building seven days in the week. *Page 723 
The lease expired on 16 April, 1939, and the city council is planning to enter into a new lease with the North Carolina Theatres, Inc., for the use of the building.
This suit is brought by the plaintiff on behalf of himself and other taxpayers to enjoin the lease of the building as being an unreasonable restraint upon its public use, denying such use to the public for the purposes for which such building was originally erected, and for which use there is now a great necessity.
It is pointed out in the complaint "that the trend of public entertainment of the city of Durham is towards lectures, operas, concerts, and such like performances demanding large auditoriums, and that except for the Durham Auditorium there is no place in the city of Durham in which such entertainments can be held." It is further pointed out that the city of Durham has frequent conventions, ranging in attendance from one hundred to one thousand, which would have used the Durham Auditorium had it been available at a reasonable cost.
It is further alleged that the building was erected out of the public funds of the city "and its governing authorities are without right or power to enter into any lease with any private person or corporation for the sole and exclusive use of the said building and for the said private corporation's private benefit," thereby excluding the public from its use.
It is further contended that in effecting the lease the city of Durham "will have stepped down from her sovereignty and embarked with individuals in a business enterprise in competition with other motion picture houses at present established in the city of Durham, and will have entered into a rental business in competition with property owners of the city of Durham."
The defendant admits that it is planning to lease the property, the terms and conditions of which lease do not appear in the pleading.
The case was heard upon affidavits and evidence furnished by the litigant parties, but these do not disclose the nature of the lease intended.
The cause came to a hearing before Judge Q. K. Nimocks, Jr., on 3 May and 8 May, 1939, at which time a judgment was entered finding facts and dissolving the restraining order and declaring "that the defendant city of Durham, through its governing body, is hereby adjudged to possess legal power and authority to enter into leases or agreements for the use of the City Auditorium building with such person, firms, or corporations, and for such period of time and on such reasonable terms and conditions as the said governing body of the defendant, in the exercise of its judicial discretion, deems advisable." From this judgment the plaintiff appealed.
The court below was correct in dissolving the injunction, but we think the judgment should have been based upon the ground that the action of the plaintiff was premature. As we understand it, the plaintiff did not contend that the City Council could not, under any circumstances or conditions, put a lease upon the building, but only that the entire exclusion of the public from the building by way of lease to a private party was not within their authority, thus raising the reasonableness of the expected lease. Since it does not appear upon what terms or conditions the property was to be leased, nor to what extent the public might still be permitted to use it (consistently with the theory of the plaintiff), the case was prematurely brought and injunction will not lie.
It was proper, however, to dissolve the injunction, and the order is
Affirmed.